

# MEMORANDUM OPINION

No. 04-10-00102-CR

Abraham Alfonso **CAMACHO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-8752W
Honorable Fred Shannon, Judge Presiding

PER CURIAM

Sitting:      Rebecca Simmons, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:   July 7, 2010

DISMISSED

On May 11, 2010, we notified Appellant that the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." Additionally, the clerk's record contained a written waiver signed by the appellant pursuant to which he entered a plea of no contest. The trial court's judgment also reflected that there was a plea bargain agreement, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's

certification accurately reflected that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2).

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). We, therefore, ordered that this appeal would be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless appellant caused an amended trial court certification to be filed by May 24, 2010, showing appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No response has been received by this court. We, therefore, dismiss this appeal in accordance with Rule 25.2(d) of the Texas Rules of Appellate Procedure.

PER CURIAM

DO NOT PUBLISH